McGREGOR W. SCOTT
United States Attorney
WILLIAM S. WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700




IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )
                                    )   CR. No. S-05-0243 WBS
            Plaintiff,              )
                                    )
     v.                             )
                                    )   PLEA AGREEMENT
ANGEL LELYNN BREWER,                )
                                    )
            Defendant.              )
_____)

## I.

### INTRODUCTION

**A. Scope of Agreement:** The Information in this case charges the defendant with a violation of Title 18, United States Code, Section 4 - Misprision of Felony. This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

**B. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of

the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Plea:** The defendant will plead guilty to 18 U.S.C. § 4 - Misprision of Felony as charged in the Information. The defendant agrees that she is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate. The defendant waives Indictment by a federal grand jury and agrees to plead to an Information.

**B. Special Assessment:** The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this Plea Agreement is voidable by the government if she fails to pay the assessment prior to that hearing.

**C. Agreement to Cooperate:** The defendant agrees to cooperate fully with the government and any other federal, state, or local law

enforcement agency, as directed by the government.  As used in this Agreement, "cooperation" requires the defendant:  (1) to respond truthfully and completely to all questions, whether in interviews, in correspondence, telephone conversations, before a grand jury, or at any trial or other court proceeding; (2) to attend all meetings, grand jury sessions, trials, and other proceedings at which the defendant's presence is requested by the government or compelled by subpoena or court order; (3) to produce voluntarily any and all documents, records, or other tangible evidence requested by the government; (4) not to participate in any criminal activity while cooperating with the government; and (5) to disclose to the government the existence and status of all money, property, or assets, of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities or the illegal activities of any conspirators.

The defendant specifically agrees that the terms of this "Agreement to Cooperate" extends to and covers all criminal acts within her knowledge which were committed by Javaris Tubbs, Michael Blanche, and any other co-conspirator of Javaris Tubbs or Michael Blanche relating to the commission of all bank and credit union robberies within the last five years of April 14, 2005. Specifically, the defendant agrees to cooperate and testify against Javaris Tubbs, Michael Blanche, and any co-conspirator of Javaris Tubbs and Michael Blanche for any and all bank or credit union robberies committed by them within the last five years of April 14, 2005.

If the defendant commits any crimes or if any of the defendant's statements or testimony prove to be knowingly false,

3

misleading, or materially incomplete, or if the defendant otherwise violates this Plea Agreement in any way, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. The determination whether the defendant has violated the Plea Agreement will be under a probable cause standard. If the defendant violates the Plea Agreement, she shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including but not limited to perjury, false statements, and obstruction of justice. Because disclosures pursuant to this Agreement will constitute a waiver of the Fifth Amendment privilege against compulsory self-incrimination, any such prosecution may be premised on statements and/or information provided by the defendant. Moreover, any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of any such prosecutions. The defendant agrees to waive all defenses based on the statute of limitations or delay of prosecution with respect to any prosecutions that are not time-barred as of the date of this Agreement.

If it is determined that the defendant has violated any provision of this Agreement or if the defendant successfully moves to withdraw her plea: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this Agreement, shall be

admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this Agreement, or any leads derived therefrom, should be suppressed. By signing this Agreement, the defendant waives any and all rights in the foregoing respects.

**D. Agreement to Continue Sentencing Date:** The defendant agrees to continue the sentencing in this matter at the request of the government in order to fulfill her obligations under the terms of this agreement, specifically, her agreement to cooperate with the government as stated in subparagraph II(C).

### III.

### THE GOVERNMENT'S OBLIGATIONS

**A. Dismissals:** If the defendant fully complies with the terms of this plea agreement, the government agrees to move, at the time of sentencing, to dismiss with prejudice the charges in the pending Superseding Indictment - CR. S 05-243 WBS. The government also agrees that it will not charge the defendant with any other offense arising out of the events set forth in the Indictment.

**B. Recommendations:**

   **1. Acceptance of Responsibility:** The government agrees to recommend a three-level reduction in defendant's offense level for her acceptance of responsibility under U.S.S.G. § 3E1.1 if the Presentence Report recommends such a reduction.

///

5

**2. Reduction of Sentence for Cooperation:** The government agrees to recommend at the time of sentencing that the defendant's sentence of imprisonment be time served and will move to dismiss the charges against her in the Superseding Indictment if she provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that she must comply fully with subparagraph II(C) of this Agreement. The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance. The defendant understands and agrees that if she does not fully comply with the terms of this plea agreement, specifically subparagraph II(C) "Agreement to Cooperate," in any manner, this Plea Agreement shall be null and void at the election of the government and the parties will be restored to their status quo ante the Plea Agreement. In other words, the government can prosecute the defendant for all of the charges presently contained in the pending Superseding Indictment-CR S-05-243 WBS.

**C. Limitation on Use of Information For Sentencing:** Other than as set forth above, the government agrees that any incriminating information provided by the defendant during her cooperation will not be used in determining the applicable guideline range, pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.8.

## IV.

## ELEMENTS OF THE OFFENSE

**A. Misprision of Felony:**

The elements of the offense of Misprision of Felony are as follows:

    (1)    The defendant having knowledge of the actual commission of a felony which was cognizable by a court of the United States; and

    (2)    Concealed and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

## V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence which the Court can impose is three (3) years of incarceration, a twelve (12) month period of supervised release, a fine of $250,000.00, and a special assessment of $100.00.

If the defendant should violate a condition of supervised release, she can be returned to prison for some or all of the term of supervised release actually imposed by the Court.

## V.

## SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists

7

1  an aggravating or mitigating circumstance of a kind, or to a degree,
2  not adequately taken into consideration by the Sentencing Commission
3  in formulating the Guidelines.  Defendant further understands that
4  the Court, after consultation and consideration of the Sentencing
5  Guidelines, must impose a sentence that is reasonable in light of
6  the factors set forth in 18 U.S.C. § 3553(a).

## VI.

## WAIVERS

**A. Waiver of Constitutional Rights:** The defendant understands that by pleading guilty she is waiving the following constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses against her; and (e) not to be compelled to incriminate herself.

**B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives her a right to appeal her conviction and sentence.  She agrees as part of her plea, however, to give up her right to appeal.

The defendant also gives up any right she may have to bring a post-conviction attack on her conviction or her sentence.  She specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking her conviction or sentence.

If the defendant's conviction on the count to which she is pleading is ever vacated at the defendant's request, or her sentence is ever reduced at her request, the government shall have the right to file any new charges that would otherwise be barred by this agreement.  The decision to pursue this option is solely in the

discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision. In particular, she agrees not to raise any objections based on the passage of time with respect to such charges including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C. Waiver of Attorneys' Fees and Costs**: The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

## VII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## VIII.

### APPROVALS AND SIGNATURES

**A. Defense Counsel**: I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately

9

1 | and completely sets forth the entirety of the agreement. I concur
2 | in my client's decision to plead guilty as set forth in this
3 | Agreement.
4 | DATED: May 8, 2006
   | _____
   | CHRISTOPHER HAYDN-MYER
5 | Attorney for Defendant

6 |     **B.**   **Defendant:**  I have read this Plea Agreement and carefully
7 | reviewed every part of it with my attorney. I understand it, and I
8 | voluntarily agree to it. Further, I have consulted with my attorney
9 | and fully understand my rights with respect to the provisions of the
10 | Sentencing Guidelines which may apply to my case. No other promises
11 | or inducements have been made to me, other than those contained in
12 | this Agreement. In addition, no one has threatened or forced me in
13 | any way to enter into this Plea Agreement. Finally, I am satisfied
14 | with the representation of my attorney in this case.
15 |
16 | DATED: May 8, 2006
   | _____
   | ANGEL LELYNN BREWER, Defendant

17 |     **C.**   **Attorney for United States:**
18 |     I accept and agree to this Plea Agreement on behalf of the
19 | government.
20 | DATED: May 8, 2006
21 | McGREGOR W. SCOTT
   | United States Attorney
22 |
23 |
24 | By: _____
   | WILLIAM S. WONG
25 | Assistant U.S. Attorney

10

## EXHIBIT "A"

### Factual Basis for Plea

The defendant will plead guilty because she is in fact guilty of the crime set forth in the Information. The defendant also agrees that the following are the facts of this case, although she acknowledges that, as to other facts, the parties may disagree:

On April 14, 2005, at approximately 5:50 p.m., Javaris Marquez Tubbs, Michael Wayne Blanche, and Michael Bradley entered the Washington Mutual Bank, located at 8725 Elk Grove Blvd., Elk Grove, California, threatened bank employees and customers with violence by brandishing firearms in order to conduct an armed bank robbery. All three robbers were wearing masks and gloves and were armed with handguns. While Bradley controlled the employees and customers, Tubbs and Blanche vaulted the teller counter area and removed money from the teller drawers. In taking the money from the drawers, they also took three exploding dye-packs. The loss to the bank was $14,494.00. The bank is federally insured.

On or about April 14, 2005, defendant Angel Lelynn Brewer had specific knowledge that Javaris Tubbs, Michael Blanche, and Michael Bradley entered the Washington Mutual Bank located at 8725 Elk Grove Boulevard, Elk Grove, California, in order to conduct an armed bank robbery. More specifically, the defendant had knowledge that these individuals conspired to commit the robbery for the specific purpose of taking money belonging to the bank. The defendant stipulates that she concealed her knowledge of the commission of a felony bank robbery after having knowledge of said robbery with the specific intent of concealing the commission of said robbery from law enforcement officials or some judge or other person in civil or military authority under the United States.

The bank was federally insured.